IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID W. GORDON, SR., | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | TRANSFERRED FROM THE COURT OF |
| | ) | COMMON PLEAS, SUMMIT COUNTY, |
| GOODYEAR TIRE & RUBBER CO., et al., | ) | OHIO |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants The HallStar Company, erroneously named in the Complaint as "The Hallstar Company, individually and as Successor-In-Interest to The CP Hall Company," and Ester Solutions Company, erroneously named in the Complaint as "Hallstar Ester Solutions Company, individually and as Successor-In-Interest to The CP Hall Company" (collectively "Hallstar"), through counsel, timely remove this action titled from the Court of Common Pleas of Summit County to the United States District Court for the Northern District of Ohio.[1] This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, et seq. Complete diversity of citizenship exists between Plaintiff and HallStar, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of removal, HallStar states as follows:

1. On May 26, 2021, Plaintiff David W. Gordon, Sr. ("Plaintiff") filed this lawsuit in the Court of Common Pleas of Summit County titled *David. W. Gordon, Sr. v. Goodyear Tire &*

[1] By filing this removal action, HallStar does not waive any defenses, objections, or motions available under state or federal law. HallStar expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on lack of personal jurisdiction, improper venue, the doctrine of forum non conveniens, or any other applicable grounds.

*Rubber Co., et al.*, Case No. AC-2021-05-1606. *See* Summons and Complaint, attached hereto as Exhibit A.

2. Plaintiff alleges he was exposed to asbestos during his employment with Goodyear Tire & Rubber Co., which he claims proximately caused him to develop mesothelioma. *See* Complaint, ¶ 3.

3. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Court of Common Pleas of Summit County is located within the Eastern Division of the Northern District of Ohio. 28 U.S.C. § 115(a)(1).

4. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents on file in the Court of Common Pleas of Summit County is attached as Exhibit A. Moreover, with the filing of this Notice of Removal, HallStar is paying the prescribed filing fee, filing proof of filing the Notice with the Clerk of the State Court along with proof of service on all adverse parties, and complying with all local rules.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because HallStar was served with the Summons and Complaint through its Ohio statutory agent on May 26, 2021. *See* Exhibit A.

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and Hallstar are completely diverse. See 28 U.S.C. §§ 1441(a), (b)(2). The Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1332, based upon the following facts and allegations:

a. This case meets the amount in controversy. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds" $75,000. *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); 28 U.S.C. § 1446(c)(2)(B).

Here, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is evidenced by the allegations in the Complaint that "Plaintiff incurred and will incur medical, hospital, professional, and other expenses, and is prevented from attending to his usual activities," "Plaintiff sustained and . . . will sustain permanent and substantial physical deformity, loss of a bodily organ system and/or permanent physical functional injury that permanently prevents him from being able to independently care for himself and perform life-sustaining activities," and "Plaintiff sustained permanent injuries to his person and body, lungs, respiratory and cardiovascular system, suffers great physical, mental, and nervous pain and suffering, mental anguish, suffers from reasonable and justifiable fears of progressive and irreversible incapacity and inability to carry on usual functions, increasing discomfort, cancer, mesothelioma, shortened life-span, impairment of his quality of life, disfigurement, and other intangible loss." *See* Complaint, ¶¶ 7-9. Moreover, Plaintiff explicitly seeks compensatory damages "in an amount greater than" $25,000 plus punitive damages. *See* Complaint, ¶ 40 and WHEREFORE clause. Thus, a "fair reading" of Plaintiff's Complaint "establishes that more than $75,000 is in controversy in this case." *Sunkin v. Hunter Eng'g Co.*, No. 5:15CV892, 2015 WL 4406101, at *4 (N.D. Ohio July 20, 2015); accord *Stapleton v. Skyline Terrace Apartments*, No. 5:17-cv-02207, 2018 WL 1315151, at *4 (N.D. Ohio Mar. 14, 2018).

b. There is complete diversity of citizenship based on the following:

i. Plaintiff filed this case in Ohio and is an Ohio citizen. *See* Complaint, ¶ 1.

ii. The HallStar Company is an Illinois corporation with its principal place of business in Chicago, Illinois. *See* May 14, 2015 Affidavit of John Paro in Support of Defendant The HallStar Company's Motion for Summary Judgment, attached as Exhibit B.

iii. Ester Solutions Company is a Delaware corporation with its principal place of business in Bedford Park, IL. *See* May 14, 2015 Affidavit of John Paro in Support of Defendant Ester Solutions Company's Motion for Summary Judgment, attached as Exhibit C.

iv. Any Defendant who is a citizen of Ohio has not been served and joined – HallStar is informed of the lack of service on such Defendants at the time of removal from a contemporaneous review of the Summit County Clerk's docket – and/or the Complaint fails to sufficiently state a claim upon which relief can be granted against such Defendants.

7. Consent to removal by the other named Defendants is unnecessary at this time due to the fact that they have not yet been served. *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015); Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).

Removal is appropriate because complete diversity exists between Plaintiff and HallStar. Accordingly, HallStar gives notice that the civil action *David. W. Gordon, Sr. v. Goodyear Tire & Rubber Co., et al.*, from the Court of Common Pleas of Summit County, Case No. AC-2021-05-1606, is hereby removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. HallStar will give written notice to all adverse parties and will file a copy of the notice with the Summit County Clerk of Court.

Respectfully submitted,

*/s/ Nathan F. Studeny*
James L. McCrystal, Jr. (0017492)
Nathan F. Studeny (0077864)
Sutter O'Connell Co.
1301 East 9th Street
3600 Erieview Tower
Cleveland, Ohio 44114
(216) 928-2200 phone
(216) 928-4400 facsimile
jmccrystal@sutter-law.com
nstudeny@sutter-law.com

and

*/s/ Mark L. Karasik*
MARK L. KARASIK (pro hac to be requested)
KYLE OLSON (pro hac to be requested)
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Phone: (312) 861-8000
mark.karasik@bakermckenzie.com
kyle.olson@bakermckensie.com

*Attorneys for Defendants*
*The HallStar Company and*
*Ester Solutions Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby states that the foregoing was electronically filed with the Court's electronic filing system this 27th day of May, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and parties may access this filing through the Court's electronic docket.

*/s/ Nathan F. Studeny*
James L. McCrystal, Jr. (0017492)
Nathan F. Studeny (0077864)