**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | |
|---|---|
| DAVID W. GORDON SR., ) | CASE NO. 5:21-CV-01097-SL |
| ) | |
| Plaintiff, ) | JUDGE SARA LIOI |
| ) | UNITED STATES DISTRICT JUDGE |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| GOODYEAR TIRE & RUBBER CO., ) | CARMEN E. HENDERSON |
| HOLLOW CENTER PACKING CO., BASF ) | |
| CATALYSTS LLC, INDIVIDUALLY AND ) | **REPORT & RECOMMENDATION** |
| AS SUCCESSOR-IN-INTEREST TO; ) | |
| EDWARD R. HART CO., RED SEAL ) | |
| ELECTRIC COMPANY, AKRON ) | |
| GASKET & PACKING ENTERPRISES, ) | |
| INC., AMG INDUSTRIES, INC., A.W. ) | |
| CHESTERTON CO., GREENE, TWEED & ) | |
| CO., INC., HALLSTAR COMPANY, ) | |
| INDIVIDUALLY AND AS SUCCESSOR- ) | |
| IN-INTEREST TO; ESTER SOLUTIONS ) | |
| COMPANY, INDIVIDUALLY AND AS ) | |
| SUCCESSOR-IN-INTEREST TO; M.F. ) | |
| MURDOCK CO., M.V.S. CO., AS ) | |
| SUCCESSOR-IN-INTEREST TO; MCNEIL ) | |
| (OHIO) CORPORATION, MCNEIL & ) | |
| NRM, INC., R.C. MUSSON RUBBER CO., ) | |
| FMC CORPORATION, CRANE CO., ) | |
| GENERAL ELECTRIC CO., VIACOMCBS ) | |
| INC., INDIVIDUALLY AND AS ) | |
| SUCCESSOR-IN-INTEREST TO; R.G. ) | |
| SMITH CO., INC., HONEYWELL ) | |
| INTERNATIONAL, INC., INDIVIDUALLY ) | |
| AND AS SUCCESSOR-IN-INTEREST TO; ) | |
| AND JOHN DOE, 1 THROUGH 100, ) | |
| INCLUSIVE MANUFACTURERS, ) | |
| SELLERS, OR INSTALLERS OF ) | |
| ASBESTOS-CONTAINING PRODUCTS; ) | |
| ) | |
| Defendants, ) | |

I. Introduction

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to 28 U.S.C. Section 636(b), Fed. R. Civ. P. 72, and LR. 72.1, and for general pretrial supervision pursuant to Local Rule 72.2(a).

Currently before the Court is the motion to remand the matter to the Summit County Court of Common Pleas filed by Plaintiff David Gordon ("Gordon" or "Plaintiff"). (ECF No. 13). Defendants, The Hallstar Company and Ester Solutions Company ("Hallstar" and "ESC", respectively), filed a joint memorandum in opposition (ECF No. 43), and Gordon replied (ECF No. 68). For the reasons set forth herein, the Court recommends GRANTING Gordon's motion to remand.

II. Background

On May 21, 2021, in the Summit County Court of Common Pleas, Gordon filed his complaint against various defendants for their roles in causing his asbestos related mesothelioma. On May 25, 2021, three defendants: Hollow Center Packing Company, M.F. Murdock Company, and MVS Company, all Ohio corporations, were served with a copy of the Complaint by the Summit County Clerk of Courts via FedEx. On May 27, 2021, Defendant Hallstar removed the case to federal court on the basis of diversity jurisdiction. Gordon asserts that at least eleven of the defendants are citizens of the State of Ohio, thus there is not complete diversity and the Court should remand the matter to Summit Count Court of Common Pleas. Hallstar and ESC assert that the removal was noticed in good faith and that the removal of the matter to federal court does not prejudice Gordon. In reply, Gordon asserts that Hallstar's stated "good faith" is irrelevant to

whether removal is proper and that three Ohio defendants had been served prior to removal; thus, there is not complete diversity and the matter should be remanded.

III. Law

"'It is well-settled law that 'removal of a state court action under § 1441 is proper only if the action 'originally could have been filed in federal court.' ' " *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 868 (N.D. Ohio 2008) (quoting *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir.2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987))). This Court has original jurisdiction of all civil actions where the matter in controversy exceeds $ 75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity—the citizenship of each plaintiff must be diverse from the citizenship of each defendant." *Id.* (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir.1989))). Title 28, U.S.C. § 1447(c) provides that a case removed from state court should be remanded if it appears that it was removed improvidently. A party "'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Coyne*, 183 F.3d at 493 (quoting *Certain Interested Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 41 (6th Cir.1994)). The removal statutes "are to be strictly construed," *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and the removing party "bears the burden of establishing its right thereto," *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 337 (6th Cir. 1989). Further, any doubt about the propriety of removal must be resolved in favor of remand. *Smith v. Nationwide Prop. & Cas. Ins.* Co., 505 F.3d 401, 405 (6th Cir. 2007); *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005).

"[T]he determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). Hence, in reviewing a motion to remand, "a court looks to 'whether the action was properly removed in the first place.'" *See Id.* at 871-872 (quoting *Ahern*, 100 F.3d at 453 (citing *Fakouri v. Pizza Hut of Am., Inc.*, 824 F.2d 470, 472 (6th Cir. 1987))).

IV. Discussion

There is no dispute here that several of the defendants are Ohio corporations. Instead, Hallstar and ESC argue that the removal was made in good faith and, thus, the Court should deny the motion. Hallstar and ESC argue that at the time they removed the matter, it was unclear from the face of the Complaint whether any defendants were Ohio residents. Gordon argues that, in fact, at least eleven defendants are residents of Ohio, three of which were served prior to Hallstar's removal.

As an initial matter, the Court does not find credible Hallstar and ESC's argument that the Complaint did not clearly indicate that some defendants were residents of Ohio. A review of the face of the Complaint clearly indicates that one or more of the defendants is an Ohio corporation. Page 1 of the Complaint states:

> 2. Plaintiff is informed and believes that Defendants are corporations organized and existing under the laws of the State of Ohio, or of some other state of the United States of America, or of some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted, business in the State of Ohio. Each Defendant used, manufactured, supplied and/or distributed asbestos or asbestos-containing products in the State of Ohio, or other states in such a manner that caused injury to Plaintiff.
>
> 3. Plaintiff was exposed to asbestos through his employer Goodyear Tire and Rubber Company (hereinafter "Goodyear") in Akron, Ohio; Houston, Texas; and elsewhere. Plaintiff has developed

4

> mesothelioma as a result of his exposure to asbestos while employed by Goodyear.
>
> 4. Plaintiff was exposed to asbestos while working for Goodyear in Akron, Ohio; Houston, Texas; and elsewhere. While working at, and for, Goodyear, Plaintiff was exposed to asbestos from products manufactured, supplied, installed, and/or used by the Defendants and/or the Defendants' predecessors.

(ECF No. 1-1 at ¶ 2-3). Gordon clearly indicated that he believes defendants – at least some – are Ohio corporations.

Although not dispositive, the names of several of the defendants should have given pause to a defendant considering removal based on diversity jurisdiction, i.e. "Akron Gasket & Packing Enterprises, Inc." and "McNeil (Ohio) Corporation". Moreover, the first-named defendant is Goodyear Tire & Rubber Co., founded in Akron, Ohio in the 19th Century. It is a stretch to imagine anyone having dealings with Goodyear, one of the world's largest tire companies, would not be aware of its corporate home in Ohio. Even in the unlikely event that out-of-state counsel for Hallstar and ESC were unaware of the fact that multiple defendants are Ohio corporations, their local Ohio counsel, who also signed the notice of removal, surely should have been consulted prior to removal and would have been able to explain that removal was improper on the basis of diversity jurisdiction. In fact, it is more likely that Hallstar was fully aware that certain defendants are Ohio corporations, but swiftly removed the matter in an effort to take advantage of the "properly joined and served" language of 28 U.S.C. § 1441(b)(2) prior to service on any forum defendants. (*See* ECF No. 1 at 2 (citing 28 U.S.C. §§ 1441(a), (b)(2) as basis for diversity jurisdiction); ECF No. 1 at 4 ("Any Defendant who is a citizen of Ohio has not been served and joined")).

Title 28 U.S.C. § 1441(a) and (b)(2) state:

> (a) Generally.
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts

5

> of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship....
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C.§ 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

A defendant's removal of an action before the plaintiff has served a forum defendant has been termed "snap removal." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). "'Many district courts have found that the "properly joined and served" language in section 1441(b) plainly allows a non-forum defendant to remove a case before service upon a forum defendant. Those courts disagree, however, as to whether that plain meaning must be followed or whether the result is so obviously contrary to congressional purpose that the bar to removal should nevertheless apply.'" *Plymouth v. Dimension Serv. Corp.*, No. 2:17-CV-130, 2017 WL 726943, at *3 (S.D. Ohio Feb. 24, 2017), *report and recommendation adopted sub nom. Champion Chrysler Plymouth v. Dimension Serv. Corp.*, No. 2:17-CV-130, 2017 WL 1276727 (S.D. Ohio Apr. 6, 2017) (quoting *Gentile v. Biogen Idec., Inc.*, 934 F.Supp.2d 313, 316 (D Mass. 2013)). The Sixth Circuit has indicated in a footnote that such removals are technically allowed under the statute. *McCall v. Scott*, 239 F.3d 808, 813, n. 2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001). ("Where there is complete diversity of citizenship ... the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).").

Nonetheless, this Court need not determine whether "snap removal" is allowed as, here, three Ohio-defendants were served prior to removal. There is no dispute that Gordon is an Ohio

citizen. Thus, at the time of removal, if any served defendants were Ohio corporations, complete diversity did not exist, and removal was improper. Gordon originally filed his Complaint electronically with the Summit County Court of Common Pleas on May 21, 2021. (ECF No. 1-1). The Complaint was processed and served by the Summit County Clerk of Courts. On May 25, 2021, three in-state Ohio defendants: Hollow Center Packing Company, The M.F. Murdock Company, and M.V.S. Company, were each served Gordon's Complaint via FedEx at 10:28 AM on Tuesday, May 25, 2021.[1] (ECF No. 13-2). Two days later, on May 27, 2021, Hallstar filed a Notice of Removal of the case. (ECF No. 1). Accordingly, at the time of Hallstar's removal, three Ohio defendants had been "properly joined and served". Thus, removal under 28 U.S.C. § 1441(a) and (b)(2) based on diversity jurisdiction was improvident.[2]

V.    Conclusion

At the time Hallstar noticed removal of this matter from Summit County Court of Common Pleas on May 27, 2021, there was not complete diversity. Three Ohio defendants had been served on May 25, 2021 with Gordon's complaint and Gordon is a citizen of Ohio. Accordingly, there is not complete diversity of parties and the matter must be remanded.

---

[1] Hollow Center Packing Company admits that it is "a corporation organized under the laws of Ohio and that it had done business in the state of Ohio[.]" (ECF No. 25 at 1). The M.F. Murdock Company admits that it is "a corporation organized under the laws of Ohio and that it had done business in the state of Ohio[.]" (ECF No. 33 at 1). M.V.S. Company admits that it is "a corporation organized under the laws of Ohio and that it had done business in the state of Ohio[.]" (ECF No. 27 at 1).

[2] The Court finds no support for Hallstar and ESC's suggestion that the Court should deny remand because the removal was made in good faith based on the incorrect belief that no forum defendants had been served. And Hallstar and ESC do not provide any. Instead, whether a removal was made in bad faith is a factor for consideration when a plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c) related to the improper removal. *See e.g. Shafizadeh v. BellSouth Mobility, LLC*, 189 F. App'x 410, 413 (6th Cir. 2006). Here, Gordon's motion to remand does not include a request for attorney's fees.

VI.     Recommendation

For the reasons set forth above, this Court recommends that the Court GRANT Plaintiff Gordon's motion and REMAND the matter to the Summit County Court of Common Pleas.

Dated: August 25, 2021

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).