## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

DAVID W. GORDON, SR.,          )       CASE NO. 5:21-cv-1097
                                  )
                                  )
            PLAINTIFF,      )       JUDGE SARA LIOI
                                  )
vs.                             )
                                  )       MEMORANDUM OPINION AND
                                  )       ORDER OF REMAND
GOODYEAR TIRE & RUBBER CO., et al.,  )
                                  )
                                  )
           DEFENDANTS.    )

Before the Court is the report and recommendation ("R&R") of Magistrate Judge Carmen E. Henderson, recommending that the Court grant the motion of plaintiff David Gordon, Sr. ("Gordon") to remand this matter to state court. (Doc. No. 123 (R&R); *see* Doc. No. 13 (Motion to Remand ["MTR"]); Doc. No. 43 (MTR Opposition); Doc. No. 68 (MTR Reply).) Defendants, The Hallstar Company and Hallstar Ester Solutions Company (collectively, "Hallstar[1]", separately "Hallstar Co." and "Hallstar Ester"), filed timely objections to the magistrate judge's R&R (Doc. No. 125), and Gordon filed a response to the objections (Doc. No. 126).

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the matters objected to in the magistrate judge's R&R. For the reasons stated below, the Court overrules the objections, accepts the R&R, and grants the motion to remand.

---

[1] Hallstar defendants refer to themselves as both "Hallstar" and "HallStar". (*See, e.g.*, Doc. No. 125 (Objections to R&R) at 3.) Because the complaint refers to these defendants as "Hallstar," the Court will use this designation throughout this opinion. (*See* Doc. No. 1-1 (Complaint) at 5. All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system, a citation practice recently adopted by the Court despite different directions in the Initial Standing Order in this case.)

## I. BACKGROUND

On May 21, 2021, Gordon filed the present action in the Summit County Court of Common Pleas against Hallstar and twenty other corporations and entities, raising state law tort claims related to Gordon's alleged exposure to asbestos during his employment with defendant Goodyear Tire and Rubber Company ("Goodyear") in Akron, Ohio and Houston, Texas. (Doc. No. 1-1 (Complaint).) On May 27, 2021, Hallstar removed this action to federal court on the basis of diversity jurisdiction. (Doc. No. 1 (Notice of Removal) at 1.) In its notice, Hallstar averred that "[t]his Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and [p]laintiff and Hallstar are completely diverse." (Doc. No. 1 at 2 ¶ 6 (citing 28 U.S.C. §§ 1441(a), (b)(2)).) It further represented that, at the time of removal, there was complete diversity because: (1) Gordon filed the case in Ohio and is an Ohio Citizen, (2) Hallstar Co. is an Illinois corporation, (3) Hallstar Ester is a Delaware corporation with its principal place of business in Illinois, and (4) "any [d]efendant who is a citizen of Ohio has not been served and joined—Hallstar is informed of the lack of service on such [d]efendants at the time of removal from a contemporaneous review of the Summit County Clerk's docket—and/or the [c]omplaint fails to sufficiently state a claim upon which relief can be granted against such [d]efendants." (*Id.* 3–4 ¶ 6(b)(iv).)

The Court referred this matter to the magistrate judge for general pretrial supervision and the preparation of R&Rs on any dispositive motion. (Doc. No. 117 (Order or Referral).) On June 7, 2021, Gordon filed the present motion to remand, arguing that diversity jurisdiction was lacking owing to the fact that at least eleven defendants were Ohio residents and further arguing

(with supporting documentation) that at least three Ohio defendants were served on May 25, 2021 prior to removal. (Doc. No. 13 at 3; *see* Doc. No. 13-2 (Affidavit of Brennan T. Osborn) at 2 ¶ 3, *see also id*. at 3, 4.) Alternatively, Gordon suggested that Hallstar's attempt to quickly remove this action before any Ohio defendant could be served represented gamesmanship and should be rejected as a "snap removal." (Doc. No. 13 at 3.) The motion sought remand to state court but did not request an award of attorneys' fees. (*Id*. at 6.)

In opposition to remand, Hallstar argued that it was unaware at the time of removal that any Ohio defendant had been served because the May 25, 2021 service of three of the Ohio defendants was not docketed by the state court until May 28, 2021. (Doc. No. 43 at 2; *see* Doc. No. 43-1 (Affidavit of Nathan F. Studeny) at 2 ¶¶ 5–6.) Hallstar insisted that it was justified in removing this action because it was unclear from the face of the complaint whether any defendants were Ohio residents and because, at the time of removal, Hallstar held "a good faith understanding that no other Ohio [d]efendant had been served[.]" (Doc. No. 43 at 1, 3.)

On August 25, 2021, the magistrate judge issued her R&R recommending that the Court grant the motion to remand because there was a lack of complete diversity. At the outset, the magistrate judge rejected Hallstar's argument that it was unclear from the complaint that numerous defendants were Ohio residents. (Doc. No. 123 at 4–5.) She further inferred that Hallstar should have been aware that at least one defendant—Goodyear—was an Ohio resident as it is well-known that the corporation was founded and headquartered in Akron, Ohio. (*Id*. at 5.) She observed that "[i]n fact, it is more likely that Hallstar was fully aware that certain defendants are Ohio corporations, but swiftly removed the matter in an effort to take advantage of the 'properly joined and served' language of 28 U.S.C. § 1441(b)(2) prior to service on any

forum defendants." (*Id*.) Nevertheless, because the magistrate judge determined that several forum defendants had, indeed, been served prior to removal, she did not reach the question of whether the removal was impermissible as a "snap removal."[2] (*Id*. at 6.)

## II.  STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection—"[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before"—is not considered a proper objection for the district court's de novo review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* LR 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the

---

[2] The magistrate judge also declined to reach the question of whether Hallstar acted in good faith in basing its decision to remove upon its belief that no forum defendant had been served at the time of removal, finding that a removing defendant's good faith is only relevant to a determination of attorneys' fees under 28 U.S.C. § 1447(c), a matter that was not before the Court. (*Id*. at 7 n.2 (citation omitted).)

proposed findings, recommendations, or report to which objection is made and the basis for such objections[]"). A general objection to an R&R has the same effect as a failure to object: a general objection waives de novo review by the district court and appellate review of the district court's decision. *Aldrich*, 327 F. Supp. 2d at 747–48.

### III. OBJECTIONS

This Court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The removing party bears the burden of demonstrating that there was complete diversity at the time of removal. *Coyne*, 183 F.3d at 492; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948–49 (6th Cir. 1994) ("The burden to establish federal jurisdiction in this case is clearly upon the defendants as the removing party.") (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).

Under 28 U.S.C. § 1447(c), cases originally filed in state court must be remanded if, at any time before trial, it appears that the federal court to which they were removed lacks subject matter jurisdiction. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007); *see Coyne*, 183 F.3d at 493 ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory[.]"). Because the determination of federal diversity jurisdiction is made at the time of removal, *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996), a court's ruling on a motion to remand will rest on whether the case was properly removed to federal court in the first place. *Rogers v. Wal-Mart Stores, Inc.*,

230 F.3d 868, 871–72 (6th Cir. 2000) (citing *Ahearn*, 100 F.3d at 453). Additionally, "because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc*., 201 F.3d 754, 757 (6th Cir. 2000) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)); *see also Coyne*, 193 F.3d at 493 ("All doubts as to the propriety of removal are resolved in favor of remand.") (citation omitted).

Hallstar does not specifically object to the magistrate judge's recommendation that this action be remanded to state court due to the lack of diversity and, in fact, concedes that "information that came after removal apparently showed that three forum defendants turned out to be served prior to removal[.]" (Doc. No. 125 at 6.) Because the record is clear that complete diversity was lacking at the time of removal, and Hallstar has not suggested that the forum defendants were fraudulently joined, the Court accepts the magistrate judge's recommended disposition of plaintiff's motion and will remand this action to state court. *See Coyne*, 183 F.3d at 493. Instead, Hallstar's objections focus on the magistrate judge's suggestion that Hallstar impermissibly rushed to remove the action before forum defendants could be served and implicate the forum defendant rule and the propriety of "snap removals." (*See* Doc. No. 125 at 1 ["The issue . . . is whether a 'snap removal' was proper at the time it was accomplished based on the public record."].)

The right to remove an action on the basis of diversity jurisdiction is not unlimited. The removal statute, 28 U.S.C. § 1441, prohibits removal on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This rule is known as the "forum

defendant rule" and "reflects the belief that even if diversity exists, a forum defendant—a defendant who is a citizen of the state in which it is sued—has no reason to fear state court prejudice." *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 968 (N.D. Ohio 2009) (citation omitted).

Relying on the "properly joined and served" language in § 1441(b)(2), Hallstar argues that "it acted completely within its rights" to remove the action to federal court before any forum defendants could be properly served. (Doc. No. 125 at 6.) A defendant's removal of an action before the plaintiff has served the forum defendant has been termed a "snap removal." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc*., 955 F.3d 482, 485 (5th Cir. 2020). Some district courts in this circuit have held that the forum defendant rule prohibits snap removals. These courts reason that, to interpret the rule otherwise, would allow defendants "to employ gamesmanship, specifically by rushing to remove a newly filed state court case before the plaintiff can perfect service on anyone." *Ethington v. Gen. Elec. Co*., 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008). According to these courts, the purpose of the "joined and served" language in the forum defendant rule is to prevent gamesmanship by plaintiffs, "who might name an in-state defendant against whom he or she does not have a valid claim in a complaint filed in state court to defeat otherwise permissible removal by the non-forum defendant(s)." *Id*. at 861. Thus, these courts reason, it would be absurd to interpret the language of the forum defendant rule to permit such gamesmanship by defendants by allowing them to remove an action before the plaintiffs ever have the chance to serve the forum defendants. *Id*.

Other district courts in this circuit have relied on the plain language of § 1441(b)(2) and determined that it does not prohibit snap removal, meaning that a defendant can quickly remove

a case before the plaintiff is able to serve the forum defendant. *See Linder v. Medtronic, Inc.*, No. 13-2346, 2013 WL 5486770, at *2 (W.D. Tenn. Sept. 30, 2013) ("[T]he statute says that a case 'may not be removed if any of the parties in interest . . . *properly joined and served as defendants* is a citizen of the State in which the action is brought.' Since MDS, the forum defendant in this case, had not been served at the time Medtronic filed its notice of removal, [§] 1441(b) is not a bar to removal.") (footnote omitted).

This Court has previously sided with other district courts that have rejected the practice of snap removals as inappropriate because it defeats the policy underlying the forum defendant rule. *See, e.g., El Hassan v. URS Midwest, Inc.*, No. 5:18-cv-1227, 2018 WL 6064869, at *3 (N.D. Ohio Nov. 20, 2018) (rejecting a literal interpretation of § 1441(b)'s "properly joined and served" language as it encourages an end run around the forum defendant rule). In so ruling, the Court noted that the language in *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001), upon which defendants (including Hallstar here) rely to justify snap removals, had been "identified as non-controlling dicta that is inconsistent with the policy underlying the forum defendant rule."[3] *El Hassan*, 2018 WL 6064869, at *2 (citing *NFC Acquisition*, 640 F. Supp. 2d at 969 & n.3) (further citations omitted). The Court renews its rejection of the practice of snap removals, finding—consistent with other courts in the Northern District of Ohio—that it  simply "could not have been the intent of the legislature in drafting the 'properly joined and served' language" to create an opportunity for the type of gamesmanship exhibited by defendants such as Hallstar. *See Ethington*, 575 F. Supp. 2d at 862 (quoting 28 U.S.C. § 1441(b)(2)).

---

[3] In *Scott*, the Sixth Circuit stated in dictum, "[w]here there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *Scott*, 239 F.3d at 831 n.2 (emphasis in original).

In the present case, Hallstar insists that it was justified in removing the action because it "checked [the state court] docket as of May 27, 2021, accurately saw *no co-defendant served*, then appropriately, and in good faith, 'snap removed' this case to this Court." (Doc. No. 125 at 3 (emphasis in original).) For the reasons previously stated, the Court disagrees with Hallstar that it was "well within its rights" to remove under these circumstances. (*See id*.) Accordingly, even if the three forum defendants identified by Gordon had not been properly served prior to removal, the Court would have found removal to be improper. To the extent Hallstar objects to the R&R by arguing that it properly "snap removed" this action, the objection is OVERRULED.[4]

### IV. CONCLUSION

For the reasons set forth herein, Hallstar's removal of this case from state court to federal court was improper. Therefore, the Court ACCEPTS the R&R, GRANTS Gordon's motion to remand, and hereby REMANDS this case to the Summit County Court of Common Pleas.[5]

**IT IS SO ORDERED**.

Dated: January 3, 2022 _____

---

[4] The Court need not reach Hallstar's objection that the magistrate judge's suggestion that it should have known that certain defendants—including Goodyear—were Ohio residents erroneously put the burden on the removing defendant to investigate the residency of each defendant prior to removal. (*See* Doc. No. 126 at 4.) Regardless of whether Hallstar knew of the residency of any particular defendant, the fact remains that at least three forum defendants were served prior to removal, making removal improper. Additionally, the Court need not reach the question of whether Hallstar acted in good faith. Even though this Court does not endorse the practice of snap removal, it recognizes that courts are divided on the issue and the Sixth Circuit has yet to address it in a binding decision. In the absence of a request for fees, the Court declines to determine whether Hallstar lacked an objectively reasonable basis for removal. *See 3W Int'l, Inc. v. Schottdel, Inc*., 722 F. Supp. 2d 934, 936 (N.D. Ohio 2010) (award of attorneys' fees on remand turns on whether "the removing party lacked an objectively reasonable basis for seeking removal") (quoting *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)). But, by so stating, the Court is not suggesting it would entertain a post-remand motion for fees.

[5] Because it lacks jurisdiction, the Court will not rule on Hallstar's motion to dismiss. (*See* Doc. No. 14.)